IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:21-CR-069-Z (01) |
| VICTOR CHAVEZ, JR. (01) | |

## FACTUAL RESUME

In support of Victor Chavez, Jr.'s, plea of guilty to the offense in Count One of the Superseding Information, Chavez, Jr., the defendant, Jesse Quackenbush, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*   That the defendant knowingly possessed a controlled substance;

*Second.*   That the substance was in fact methamphetamine; and

*Third.*   That the defendant possessed the substance with the intent to distribute it.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019).

**Victory Chavez, Jr.**
**Factual Resume—Page 1**

## **STIPULATED FACTS**

1. On or about July 27, 2021, in the Amarillo Division of the Northern District of Texas, and elsewhere, Victor Chavez Jr., defendant, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On July 26, 2021, Amarillo Police Department (APD) Officer Randy Mincher obtained a state ping warrant for Victor Chavez's phone number. Chavez had an outstanding federal warrant for his arrest. Chavez showed to be at the Quality Inn in Amarillo, Texas for some time, and then the phone showed to be at 2902 Detroit Street, Amarillo, Texas.

3. On July 27, 2021, APD and DEA officers set up surveillance at 2902 Detroit Street. Surveillance observed Chavez leave the residence in a white Chevy Tahoe. Chavez traveled to the Westgate Mall parking lot and he parked outside the food court. Officers moved in and placed Chavez under arrest for the outstanding federal warrant.

4. Chavez was transported to the Amarillo DEA office. APD Officer Randy Mincher read Chavez his *Miranda* warnings. Chavez waived his rights and agreed to make a statement. During the interview, Chavez admitted to selling narcotics because he was used to living a fast life, stating that he couldn't work all week for just $500. Chavez claimed that he wasn't really selling a lot of drugs. Chavez stated that an individual had recently left "a couple of pounds" of methamphetamine at Chavez's residence on Detroit

Street. Chavez admitted that he had lived at the residence for six months. Chavez stated that the methamphetamine was in Tupperware containers inside the garage of the residence. Chavez signed a DEA consent form allowing a search of the residence. Chavez consented for DEA agents to enter the residence using the garage opener from Chavez's vehicle.

5.   During a consent search of the Detroit Street residence, DEA agents located an orange cooler in the garage. Inside the cooler, agents located two large Ziploc baggies of suspected methamphetamine. The suspected methamphetamine weighted approximately 3.2 kilograms. A field test was conducted on the suspected methamphetamine, which yielded a positive result for methamphetamine.

6.   Chavez, Jr. admits that he knowingly possessed with intent to distribute a controlled substance, namely methamphetamine, a Schedule II controlled substance.

7.   The methamphetamine was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, methamphetamine, a Schedule II controlled substance. The substance had a total net weight of 3,230 grams and a purity level of approximately 95 percent.

8.   The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 16th day of June, 2022.

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
Victor Chavez, Jr.
Defendant

_____
Jesse Quackenbush
Attorney for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov